1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| GOLDEN RULE PRODUCE, INC. | ) | CASE NO. CV 08-1905 DSF (Ex) |
| | ) | |
| Plaintiff, | ) | TEMPORARY RESTRAINING ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JHRV ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order.  Plaintiff seeks to prevent dissipation of $52,904.41 it claims is subject to the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, et seq.  7 U.S.C. § 499e(2) provides in part:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with

1    such transactions has been received by such unpaid suppliers, sellers,

2    or agents.  Payment shall not be considered to have been made if the

3    supplier, seller, or agent receives a payment instrument which is

4    dishonored.

5     A dealer is "any person engaged in the business of buying or selling in

6    wholesale or jobbing quantities, as defined by the Secretary, any perishable

7    agricultural commodity in interstate or foreign commerce . . . ."  7 U.S.C. §

8    499a(6).  "Wholesale or jobbing quantities" means "aggregate quantities of all

9    types of produce totaling one ton (2,000 pounds) or more in weight in any day

10   shipped, received, or contracted to be shipped or received."  7 C.F.R. § 46.2(x).

11   Plaintiff has established that Defendant JHRV Enterprises, Inc. ("JHRV") is likely

12   a "dealer" within the meaning of 7 U.S.C. § 499a(b)(6), in that JHRV has

13   purchased perishable commodities in wholesale quantities, and that none of the

14   exceptions to the definition of dealer apply.  (See Am. Aff. of Dimitros Tsigaris in

15   Supp. of Mot. for TRO ("Tsigaris Aff.") ¶¶ 8-9, Exs. C-D.)

16    Plaintiff has also submitted evidence that it sold perishable agricultural

17   commodities to JHRV, that since mid-2007 Plaintiff has been attempting to collect

18   payment for those goods, and on most occasions, JHRV's checks have been

19   returned for insufficient funds.  (Id. ¶¶ 5-23.)  Based on this history of inability to

20   pay, Plaintiff has established a likelihood that JHRV has not maintained sufficient

21   funds in the PACA trust, and that the trust is in danger of dissipation.  "The

22   legislative history [of PACA] noted that once the trust is dissipated it is almost

23   impossible for a beneficiary to obtain recovery."  Frio Ice, S.A. v. Sunfruit, Inc.,

24   918 F.2d 154, 159 (11th Cir. 1990).  Dissipation of the trust funds will irreparably

25   harm Plaintiff and deprive Plaintiff of the protection afforded by PACA.

26    Plaintiff has satisfied the requirements for issuance of a temporary

27   restraining order without notice.  Plaintiff has provided specific facts in the

28   Tsigaris Affidavit that "clearly show that immediate and irreparable injury, loss, or

damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).  Based on JHRV's consistent inability to pay amounts due, it appears that delay will further jeopardize the trust assets.  In addition, Plaintiff's attorney has certified in writing why notice should not be given, as notice would increase the danger that Defendants will use trust assets to satisfy other obligations.  (See Certification of Counsel as to Why Notice Is Not Required Pursuant to Rule 65(b).)

Based on the foregoing, the Court finds that Plaintiff and other PACA trust creditors, if any, will suffer immediate and irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Accordingly, it is ORDERED that:

1. Defendant JHRV Enterprises, Inc., its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with JHRV are enjoined, and restrained from dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of PACA without agreement of Plaintiff, or until further order of this Court. Under Section 499e(c)(2) of PACA, the assets subject to this order include all of the assets of JHRV unless JHRV can prove that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities, or any receivables or proceeds from the sale of such commodities or products. However, JHRV may sell perishable commodities for fair compensation, without right to set-off, on the condition that JHRV maintains the proceeds of such sale subject to this Order.

2. This Order shall be binding on the parties to this action, as well as their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

3.   This Order shall be effective at 5 p.m. on the date on which a bond in the amount of one hundred fifty thousand dollars ($150,000) is posted with this Court.  It shall expire at 5 p.m. on the date ten days from the date of posting of the bond or April 21, 2008, whichever is sooner, unless Plaintiff demonstrates good cause for extension on or before that date.

4.   The hearing on Plaintiff's Motion for Preliminary Injunction is set for April 21, 2008 at 1:30 p.m.  Defendants' Opposition to the Motion for Preliminary Injunction shall be filed on or before April 15, 2008.

5.   Plaintiff shall serve this Order, together with the annexed Declaration and Memorandum of Law, in person on all Defendants by April 10, 2008. Plaintiff shall e-file proofs of service of this Order by April 14, 2008. Failure to serve this Order on all Defendants by April 10, 2008 will result in the Motion for Preliminary Injunction being taken off calendar.

Dated: 4/8/08

_____
Dale S. Fischer
United States District Judge